KENJI M. PRICE #10523
United States Attorney
District of Hawaii

SEAN VAN DEMARK #10288
Assistant U.S. Attorney
United States Attorney's Office
District of Hawaii
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Email: Sean.Van.Demark@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 30 2019

at 11 o'clock and 47 min a M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REIN KELIIHOOMALU,<br><br>Defendant. | MAG. NO. 19-1137-KSC<br><br>CRIMINAL COMPLAINT;<br>AFFIDAVIT IN SUPPORT OF<br>CRIMINAL COMPLAINT |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

Count 1
Possession of an Unregistered Firearm
(26 U.S.C. §§ 5841, 5861(d), and 5871)

On or about August 30, 2019, within the District of Hawaii, REIN KELIIHOOMALU, the defendant, did knowingly possess a firearm not registered to him in the National Firearms Registration and Transfer Record, namely, a Winchester Model 37A 12-gauge weapon made from a shotgun, knowing that the firearm had a barrel measuring less than 18 inches and an overall length of less than 26 inches.

All in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

Count 2
Prohibited Possession of a Firearm and Ammunition
(18 U.S.C. §§ 922(g)(1) and 924(a)(2))

On or about August 30, 2019, within the District of Hawaii, REIN KELIIHOOMALU, the defendant, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime, did knowingly possess a firearm and ammunition in and affecting commerce, namely, a Winchester Model 37A 12-gauge shotgun, and 12-gauge round of ammunition, with said firearm and ammunition having previously been shipped and transported in interstate or foreign commerce to Hawaii.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

DATED: October 30, 2019, Honolulu, Hawaii.

*signature*
Joseph Villagomez
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives
Complainant

Sworn to before me and subscribed in my presence this 30th day of October, 2019, at Honolulu, Hawaii

*signature*
Kevin S.C. Chang
United States Magistrate Judge
District of Hawaii

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

SEAN VAN DEMARK #10288
Assistant U.S. Attorney
United States Attorney's Office
District of Hawaii
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Email: Sean.Van.Demark@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO. 19-1137-KSC |
| | ) | |
| Plaintiff, | ) | CRIMINAL COMPLAINT; |
| | ) | AFFIDAVIT IN SUPPORT OF |
| v. | ) | CRIMINAL COMPLAINT |
| | ) | |
| REIN KELIIHOOMALU, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### INTRODUCTION

1. This affidavit is submitted for the purpose of establishing probable cause that on or about August 30, 2019, within the District of Hawaii, Rein

Keliihoomalu ("Keliihoomalu") engaged in conduct that violated 26 U.S.C. §§ 5841, 5861(d), and 5871, which make it a crime to not register a short barreled shotgun, as well as 18 U.S.C. §§ 922(g)(1) and 924(a)(2), which make it a crime for certain prohibited persons to possess a firearm or ammunition.

2.  I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and assigned to the Honolulu Field Office in the District of Hawaii, and I have served in this capacity since May 2014.

3.  I am familiar with the facts set forth in this affidavit based upon my personal knowledge and/or information provided to me by other law enforcement personnel and/or witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint charging the defendant with violations of federal law. Accordingly, this affidavit does not set forth all of the facts known to me or to the ATF regarding this matter. Summaries and statements from conversations do not include references to all topics covered in the conversations. This affidavit is not intended to include each and every fact and matter observed or known by the government.

## PROBABLE CAUSE

4.  On August 30, 2019, Honolulu Police Department (HPD) District 8 Crime Reduction Unit (CRU) officers were attempting to locate and arrest Keliihoomalu for two criminal contempt warrants. They began checking locations

2

Keliihoomalu is known to frequent. While driving on Plantation Road, Officers Bronson Abellanida (Officer Abellanida) and Curtis Masaniai (Officer Masaniai) observed a white Honda with damage to the driver's side front and rear passenger doors. The officers identified the driver of the Honda as Keliihoomalu. Before the officers could initiate a traffic stop, Keliihoomalu executed a U-turn and drove southbound on Plantation Road out of view of the CRU officers.

5. CRU officers began checking the area and were able to locate the white Honda in a cul-de-sac. Upon locating the vehicle, the officers observed Keliihoomalu exit the driver's seat of the Honda, jump a fenced gate, and run to the rear of the residence. CRU Officer Bryan Whipple (Officer Whipple) approached the Honda and heard that the engine was still running. When he approached the Honda from the passenger's side, he was unable to see inside due to the dark tint on the side and rear windows. Officer Whipple opened the front passenger door of the Honda to ensure there were no other occupants or threats within the vehicle. Officer Whipple observed a camouflage print backpack on the front passenger seat of the vehicle and closed the passenger door without touching anything within.

6. Prior to Officer Whipple moving to the rear of the property, a green Jeep Cherokee approached with two individuals inside. The driver, later identified as A.Y., exited the Jeep and asked what was going on. A.Y. stated that she was

Keliihoomalu's sister and that she lived at the residence. A.Y. directed the other occupant, identified as another sister of Keliihoomalu, to move the white Honda from the driveway. Officer Whipple instructed them not to move, or go inside of, the vehicle. Officer Whipple then moved to the rear of the residence to assist Officers Abellanida and Masaniai.

7. Officer Greg Arrell (Officer Arrell) arrived at the scene approximately 10-15 minutes after Keliihoomalu exited the Honda. Officer Arrell saw that the Honda was parked in the cul-de-sac fronting the residence. Officer Arrell noticed that the vehicle's engine was idling.

8. Due to the dark tint on the windows and not knowing if anyone was inside, Officer Arrell opened the door to check for occupants or threats. Officer Arrell also observed the camouflage backpack on the front passenger seat. Officer Arrell further observed that the ignition was punched, wires along the steering column were exposed, and it appeared that the vehicle had been started using a butter knife located on the driver's side floorboard. Officer Arrell attempted to shut off the vehicle but was unsuccessful. After requesting information from HPD Dispatch, Officer Arrell learned that the Honda was not listed as stolen, but was "notice of transfer pending", meaning there is no current registered owner.

9. Officer Abellanida observed that the Honda had an expired safety sticker and therefore requested a tow truck. At that time the officers noticed that

A.Y. had entered into and was seated in the driver's seat of the Honda. A.Y. was told that she would need to exit. Officer Abellanida watched the other sister enter the Honda, remove the camouflage backpack and place it in the rear of the Jeep. A.Y. was told that she would need to return the backpack to the officers. A.Y. stated that Keliihoomalu recently had been at the house and asked if he could stay there. A.Y. had refused but had given Keliihoomalu the camouflage backpack to put his personal belongings in. Officer Whipple then told A.Y. that she could remove her personal property from the backpack. A.Y. then turned her back to the officers, opened the large pocket of the bag, and removed a smaller green backpack from within. A.Y. opened a smaller pocket of the green backpack, briefly looked inside, and immediately closed the pocket. A.Y. then turned to Officer Masaniai and told him that HPD could take both backpacks.

10. At about the same time, J.V. approached Officer Arrell. J.V. stated that she was the mother of Keliihoomalu's children and asked if the Honda was going to be towed. She then stated, "did you guys find the gun?" Officer Arrell responded, "what gun?" J.V. then said, "the gun in the backpack." Officer Arrell informed J.V. that he did not look in the backpack and was unaware of any gun. The backpacks were then seized as evidence and a federal search warrant was obtained.

11. SA Villagomez assisted with the execution of the federal search

warrant of the camouflage backpack and a Winchester Model 37A 12-gauge shotgun and the green backpack were discovered. Inside the green backpack, SA Villagomez found one 12-gauge round of ammunition and a black sunglasses case that contained three clear plastic syringes, a green straw sealed on one end, a small Ziploc type baggie containing what appeared to be methamphetamine, and an orange pill bottle bearing the name "KELIIHOOMALU, REIN" containing 18 blue pills.

12. The shotgun was measured with the barrel measuring approximately 13 ¼ inches, and an overall length of 19 ¾ inches. The legal length of a barrel is 18 inches and the overall length of a weapon made from a shotgun must be no shorter than 26 inches. Both the barrel and the overall length of the shotgun are thus significantly shorter than is lawfully permitted.

13. Keliihoomalu has four felony convictions in the State of Hawaii for Criminal Property Damage in the First Degree, Assault in the Second Degree (x2), and Theft in the Second Degree. The four felony convictions stem from three separate cases (Cr. No. 13-1-1646 (Theft 2), 13-1-1686 (Assault 2s), and 13-1-1126 (CPD1).

14. SA Villagomez has reviewed the National Firearms Registration and Transfer Record which indicated that the aforementioned shotgun has not been registered.

15. An ATF Interstate Nexus agent determined that the aforementioned shotgun and ammunition were not manufactured in the State of Hawaii. Therefore, if the firearm and ammunition were possessed in the State of Hawaii, they traveled in interstate commerce.

## CONCLUSION

16. Based on the foregoing facts, I respectfully submit that probable cause exists to believe that REIN KELIIHOOMALU, the defendant, committed the aforementioned offenses.

Respectfully submitted,

Joseph Villagomez
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at 11:42 on Oct. 30, 2019.

Subscribed and sworn to before me, this 30th day of October, 2019.

Kevin S. C. Chang
United States Magistrate Judge
District of Hawaii

7