Case 1:19-cr-00156-JMS   Document 59   Filed 08/31/22   Page 1 of 19   PageID.45

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Aug 31, 2022, 12:26 pm
John A. Mannle, Clerk of Court

CLARE E. CONNORS  # 7936
United States Attorney
District of Hawaii

MICAH SMITH
Deputy Chief, Criminal Division

THOMAS MUEHLECK  #3591
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail: Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 19-00156 JMS |
|---|---|
| Plaintiff, | ) <br> ) MEMORANDUM OF PLEA <br> ) AGREEMENT |
| vs. | ) <br> ) DATE: |
| REIN KELIIHOOMALU, | ) TIME: <br> ) JUDGE: |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney

for the District of Hawaii, and the Defendant, REIN KELIIHOOMALU and his attorney, Marc J. Victor, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment with violating Title 26, United States Code, Sections 5841 and 5861(d), and Title 18, United States Code, Sections 922(g) and 924(a)(2).

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## THE AGREEMENT

4. Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with knowingly possessing a firearm that was not registered to him in the National Firearms and Transfer Record, knowing that the firearm had a barrel measuring less that 18 inches and an overall length of less than 26 inches. The United States agrees to dismiss Count 2 of the Indictment at sentencing. The United States further agrees in exchange for Defendant's plea of guilty to Count 1 not to charge Defendant based on conduct now known to the government with possession, in or affecting interstate or foreign commerce, by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year, destructive devices in violation of 18 U.S.C. §§ 922(g) and

924(a)(2) and with possession of approximately 2.8 grams of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and not to oppose Defendant's request to the Court for any sentence of imprisonment imposed to be ordered by the Court to be served concurrently with any state sentence to which the Defendant is currently serving.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact guilty of knowingly possessing a firearm not registered to him in the National Firearms Registration and Transfer Record, that is a Winchester Model 37A 12 gauge weapon made from a shotgun, knowing that the firearm had a barrel measuring less than 18 inches, and an overall length of less than 26 inches, as charged in Count 1 of the Indictment, and agrees that this plea is voluntary and not the result of force or threats.

## THE PENALTIES

7. Defendant understands that the penalties for this offense to which he is pleading guilty include:

    a. A period of imprisonment of not more than 10 years, and a fine up to $250,000, plus a term of supervised release of not more than three years.

3

## FORFEITURE

b. Forfeiture pursuant to 26 U.S.C. § 5872 of any firearm or ammunition involved or used in any knowing violation of 26 U.S.C. § 5861(d).

## LOSS OF FEDERAL BENEFITS

c. In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

## FACTUAL STIPULATIONS

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

On August 30, 2019, the Defendant was wanted by the State of Hawaii for criminal contempt of court. Honolulu Police Department Officers ("HPD") with the Crime Reduction Unit were looking for the Defendant in areas

4

the Defendant was known to frequent. The HPD officers observed the Defendant operating a vehicle on Plantation Road in the City and County of Honolulu. Before the officers could initiate a traffic stop, the Defendant drove off.

The officers were able to locate the car on Hoomaluhia Street and saw the Defendant exit the vehicle, hop over a fenced gate, and run to the rear of a residence. The Defendant was found hiding on the property. Two backpacks in the car were recovered and a search warrant was obtained from a United States Magistrate Judge. Inside one of the backpacks federal agents discovered a Winchester Model 37A 12-gauge shotgun and a green backpack. Inside the green backpack agents discovered one 12-gauge round of ammunition and an orange pill bottle bearing the Defendant's name. The shotgun was found to have a barrel measuring approximately 13 1/4 inches and an overall length of 19 3/4 inches. The legal length of a shotgun barrel is 18 inches and the overall length of a modified shotgun must be no shorter than 26 inches. Further investigation determined that the firearm was not registered with the National Firearms Registration Record, which the Defendant knew he was required to do because of the short barrel length and short overall length of the firearm.

//

//

//

## **SENTENCING STIPULATIONS**

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

   a. As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

   b. The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead

guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12. The parties represent that as of the date of this agreement there are no material facts in dispute.

13. Defendant agrees, as part of his acceptance of responsibility, to forfeit to the United States all of his title, and interest in the following property:

       a.    A Winchester Model 37A 12-gauge shotgun, and one round of 12-gauge ammunition which were seized from a backpack in the automobile the Defendant possessed on Hoomaluhia Street on August 30, 2019.

    14.    Defendant acknowledges that the Seized Firearm and Ammunition are subject to forfeiture pursuant to 26 U.S.C. § 5872 as a firearm and ammunition involved in or used in any way in the commission of a violation of 26 U.S.C. § 5861(d) as alleged in Count 1 of the Indictment. In addition:

       a.    Defendant agrees to waive all interest in the seized firearm and ammunition (the "Forfeitable Property") in any administrative or judicial forfeiture proceeding, whether criminal or civil state or federal, and waives and agrees to waive all constitutional, legal, and equitable defenses in any such proceeding. In particular, the Defendant knowingly and voluntarily waives any and all claims that this forfeiture constitutes an excessive Defendant knowingly and voluntarily waives and right to a jury trial on the forfeiture property.

       b.    Defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property. Defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct forfeiture

8

criminally, will be part of the sentence imposed upon Defendant in this case wand waives any failure by the Court to advise Defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change-of-plea hearing. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Defendant consents to preliminary order of forfeiture becoming final as to Defendant at sentencing.

      c.    Defendant understands that the forfeiture of the Forfeitable Property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon Defendant in addition to the forfeiture.

## APPEAL/COLLATERAL REVIEW

15.    The Defendant is aware that he has the right to appeal his conviction and the sentence imposed. The Defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this

Agreement. The Defendant understands that this waiver includes the right to assert any and all legally waivable claims.

      a.    The Defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

      c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

16.    In connection with the collection of restitution or other financial obligations that may be imposed upon him, the Defendant agrees as follows:

        a.    The Defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The Defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the Defendant to complete a comprehensive financial statement. To avoid the requirement of the Defendant completing financial statements for both the USPO and the government, the Defendant agrees to truthfully complete a financial statement provided to the Defendant by the United States Attorney's Office. The Defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the Defendant's case. The Defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The Defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The Defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the Defendant's failure to accept responsibility under U.S.S.G. § 3E1.1.

b.   The Defendant expressly authorizes the United States Attorney's office to obtain his credit report. The Defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

c.   Prior to sentencing the Defendant agrees to notify the Financial Litigation United of the U.S. Attorney's Office before making any transfer of an interest property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## **IMPOSITION OF SENTENCING**

17.   The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

18.   The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court

12

to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

19. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If Defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the

Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

      c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

      d.     At a trial, whether by a jury or judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      e.     At a trial, the Defendant would have privilege against self-incrimination so that he could decline to testify, and no interference of guilt could be drawn from his refusal to testify.

      f.     At a trial, Defendant would have a right to have a jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the Second Superseding Indictment, necessary to establish the statutory mandatory minimum penalty or an increased statutory maximum penalty.

14

20. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

21. Defendant and his attorney acknowledge no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

22. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

## USE OF PLEA STATEMENTS

23. If, after signing this Agreement, the Defendant decides not to plead guilty as provided herein, or if the Defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the Defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in subsequent trial if the Defendant later proceeds to trial. The Defendant voluntarily, knowingly, and intelligently waives any protection afforded by the Rule 11(f) of the Federal Rules of Criminal

15

Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where Defendant fully complies with this Agreement, but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the Defendant for any purpose.

24. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope, and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation, relevant to the issues involved in sentencing.

## COOPERATION

25. The Defendant agrees that he will fully cooperate with the United States.

   a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

   b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office

at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

c. Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

d. Pursuant to §1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under §1B1.8(b) of the Sentencing Guidelines.

26. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

27. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the grounds that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

    a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

    b. This agreement does not require the prosecution to make such a request or motion.

    c. This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

    d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the guidelines or to impose a sentence below the minimum level established by the statue.

28. The Defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the Defendant to plead guilty. Apart from any written

18

proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

29. To become effective, this Agreement must be signed by all signatories listed below.

30. Should the Court refuse to accept this Agreement, it is null and void neither party shall be bound thereto.

Dated: 6-15-22, at Honolulu, Hawaii.

AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii

_____
MICAH SMITH
Deputy Chief, Criminal Division

_____
REIN KELIIHOOMALU
Defendant

_____
THOMAS MUEHLECK
Assistant U.S. Attorney

_____
MARC J. VICTOR
Attorney for Defendant

19